NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON WALLS,<br><br>           Plaintiff,<br><br>   vs.<br><br>LIEUTENANT LEE, et al.,<br><br>           Defendants. | No. C 07-00981 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS<br><br><br><br><br>(Docket No. 18) |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against San Quentin State Prison ("SQSP") officials. Finding the complaint, liberally construed, stated cognizable claims, the Court ordered service upon Defendants Lieutenant Lee, Sergeant T.A. Lee, Officer R. Grant, Lieutenant Rodriguez, and Counselor Burkhart. Defendants filed a motion to dismiss (Docket No. 18) the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). Plaintiff filed an opposition[1] to the motion, and Defendants filed a reply.

---

[1] The Court construes Plaintiff's January 16, 2008 letter as an opposition.

# DISCUSSION

A.   Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[2] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

B.   Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies equally to prisoners held in private or government facilities. See Roles v. Maddox, 439 F.3d 1016, 1017-18 (9th Cir. 2006). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, *i.e.*, monetary damages, a prisoner must still exhaust administrative remedies. Id. at 2382-83 (citing Booth, 532 U.S. at 734).

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the order of service.

"The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 2387.  Therefore, the PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Id.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted).  In other words, the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 2382.  Furthermore, administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief.  See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  Id. at 1237-38.  A prisoner need not proceed further and also exhaust state judicial remedies.  Jenkins v.

1  Morton, 148 F.3d 257, 259-60 (3d Cir. 1998).

2  C.     Analysis

3  Plaintiff alleged the following claims in his complaint: (1) Defendants increased Plaintiff's custody level in retaliation for his exercise of his First Amendment rights in filing an administrative grievance; (2) Defendants filed false disciplinary charges against him in retaliation for his exercise of his First Amendment rights in filing a grievance; and (3) Defendants placed him in administrative segregation and disciplined him without due process, in violation of his Fourteenth Amendment rights.  These claims all stem from Defendants' placing Plaintiff in administrative segregation and disciplining him based on allegedly false charges that he participated in a large-scale inmate riot at SQSP on November 28, 2005.

Defendants argue that Plaintiff failed to administratively exhaust any of these prison related claims, and therefore this action should be dismissed for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a).  In his opposition, Plaintiff claims that he filed exhausted his claims by filing a grievance on September 30, 2006 that was rejected as untimely at the first level of review.

The record shows that Plaintiff had the opportunity to use the grievance system but did not exhaust his remedies with respect to the claims brought in this action.  Defendants have provided the declaration N. Grannis, the Chief of the Inmate Appeals Branch, which shows that Plaintiff has only exhausted one inmate appeal, number 06-10618, through the highest, Director's level of review. (Decl. N. Grannis, ¶ 6, Exs. 1-2.)  That appeal concerns a staff complaint against an official at Folsom State Prison about an incident occurring there on October 26, 2006. (Id. at Ex. 2.)  As this administrative grievance against a non-party concerns entirely separate incident at a different prison from the claims in the complaint, it does not satisfy the exhaustion requirement for the claims raised in this action.  See O'Guinn, 502 F.3d at 1062-63.

Plaintiff has presented no evidence that he properly exhausted any of his claims to defeat Defendants' motion.  Plaintiff cites and attaches an administrative grievance he

1  filed concerning the discipline he received for participating in the riot.  The grievance was
2  not filed past the first level of review, however.  Moreover, the documents attached to the
3  grievance indicate that it was denied by prison officials as untimely.  As discussed above,
4  an administrative grievance does not satisfy the exhaustion requirement if it is denied as
5  untimely.  Ngo, 126 S. Ct. at 2382.  Prison regulations require an administrative
6  grievance be filed within 15 days of the action complained of, and Plaintiff filed his
7  grievance in September 2006 concerning discipline that had been imposed in November
8  and December 2005, over nine months earlier.  Accordingly, the grievance cited by
9  Plaintiff does not satisfy the exhaustion requirement because it was denied as untimely
10 and was not presented to the highest level of review.

Because Plaintiff failed to exhaust his administrative remedies with respect to his claims, Defendants' motion to dismiss the complaint (Docket No. 18) is GRANTED.  See 42 U.S.C. § 1997e(a).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to exhaust administrative remedies (Docket No. 13) is GRANTED.  This action is DISMISSED without prejudice to Plaintiff refiling after all available administrative remedies have been properly exhausted.

The clerk shall terminate Docket No.18, enter judgment and close the file.

IT IS SO ORDERED.

DATED:  8/26/08

JEREMY FOGEL
United States District Judge